UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
  TOMATO MGMT., CORP.,                                       :
                                                             :
                                    Plaintiff,               :    14-CV-3522 (JPO)
                    -v-                                      :
                                                             :    OPINION AND ORDER
  CM PRODUCE LLC and SITHOL YIN a/k/a                        :
  JIMMY YIN,                                                 :
                                    Defendants.              :
                                                             :
------------------------------------------------------------ X

J. PAUL OETKEN, District Judge:

      Plaintiff, a Texas tomato wholesaler, brought this action to obtain payment for three shipments of tomatoes that it delivered to Defendants. Defendants, a New York purchaser of wholesale quantities of tomatoes and its agent, claim that a rogue employee ordered the shipments from Plaintiff without authorization. They initially refused to pay the $73,967.00 due. On May 16, 2014, Plaintiff filed this action under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e ("PACA"), and obtained a temporary restraining order freezing Defendants' assets to prevent dissipation of those assets held in trust under PACA. By May 19, Plaintiff had received a series of three checks from Defendants that covered the sum owed. At a hearing on May 20, this Court declined to continue the temporary restraining order and denied Plaintiff's request for a preliminary injunction. Defendants' bank removed restrictions on their assets shortly thereafter, and the principal sum has been paid in full.

      The sole remaining dispute in this case is over payment of attorney's fees and interest on the principal sum. For the reasons that follow, Defendants owe both reasonable fees and interest to Plaintiff.

1

**I.     Discussion**

    **A.     Legal Standard**

PACA provides that perishable agricultural commodities are to be held in trust by purchasing dealers "until full payment of the *sums owing in connection with*" the purchase is received.  7 U.S.C. § 499e(c)(2) (emphasis added).  The statute is not clear as to whether this includes attorney's fees or interest.  Where a statute's text is ambiguous, courts properly grant attorney's fees if there is some "independent basis" for the award, like an enforceable contract or an action in bad faith.  *E. Aramata, Inc. v. Platinum Funding Corp.*, 887 F. Supp. 590, 594 (S.D.N.Y. 1995) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 257–59 (1975)).  Following these principles, courts have repeatedly affirmed that, where the parties' contractual agreements so provide, PACA allows the award of reasonable attorney's fees.  *See Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 709 (2d Cir. 2007); *Country Best v. Christopher Ranch, LLC*, 361 F.3d 629, 632 (11th Cir. 2004); *Middle Mountain Land & Produce Inc. v. Sound Commodities Inc.*, 307 F.3d 1220, 1224 (9th Cir. 2002); *Top Banana, L.L.C. v. Dom's Wholesale & Retail Ctr.*, 2005 WL 1149774 (S.D.N.Y. May 16, 2005); *Movsovitz & Sons of Florida, Inc. v. Axel Gonzalez, Inc.*, 367 F. Supp. 2d 207, 215 (D.P.R. 2005); *JC Produce, Inc. v. Paragon Steakhouse Restaurants, Inc.*, 70 F. Supp. 2d 1119 (E.D. Cal. 1999); *Fishgold v. OnBank & Trust Co.*, 43 F. Supp. 2d 346, 352 (W.D.N.Y. 1999); *E. Aramata*, 887 F. Supp. 590, 594-95 (S.D.N.Y. 1995).

It is likewise well settled that the language of § 499e(c)(2) encompasses reasonable and contractual prejudgment interest.  *E. Armata*, 887 F. Supp. at 595; *Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F. Supp. 346, 351 (S.D.N.Y. 1993).  A court may award this interest in its discretion in order to fulfill Congress's intent to protect agricultural suppliers.  *Rodgers v. United States*, 332 U.S. 371, 373 (1947).

Even without an explicit agreement, attorney's fees and interest may become part of the contract between two merchants.  In the PACA context, courts have understood standard-form provisions contained in invoices to constitute additional terms of the purchase agreement between the parties governed by N.Y. U.C.C. § 2-207(2)(b).  *Dayoub Mktg., Inc. v. S.K. Produce Corp.*, 2005 WL 3006032 (S.D.N.Y. Nov. 9, 2005).  The commentary to New York's Uniform Commercial Code is clear that, under § 2-207(2)(b), "a clause providing for interest on overdue invoices [or] fixing the seller's standard credit terms where they are within the range of trade practice" does not constitute a material alteration and becomes part of a contract between merchants if not objected to within a reasonable time.  N.Y. U.C.C. § 2-207, cmt. 5.

Courts determine reasonable attorney's fees by multiplying the number of reasonably billed hours by a reasonable hourly rate—the so-called "lodestar" method.  *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).  In determining a reasonable rate, courts consider the prevailing market rate as well as skill, reputation, and experience in the particular practice area.  *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984).

### B.     Attorney's Fees

The last line of each of the invoices sent to Defendants provides that "[b]uyer agrees to pay all cost of collection, including attorney's fees."  (Dkt. No. 8, Decl. in Supp. of Pl.'s Mot. for T.R.O., Ex. B.)  This is exactly the sort of additional term incorporated under the New York U.C.C. and recoverable under PACA.  Defendants could have rejected the invoice provisions when they replied and thereby initiated a "battle of the forms," but they did not.  They collected the shipments of tomatoes with their own trucks and eventually paid for them without offering any terms of their own.  So the invoice provisions apply.

Defendants argue that the award of attorney's fees is discretionary under PACA.  This is a misstatement of law.  Courts do sometimes switch between language of discretion and

obligation when discussing a court's power to award fees under PACA.  But, to be clear, Plaintiff has a contractual right to reasonable attorney's fees supported by the PACA trust, and so this Court not only may but *must* award those fees.[1]  *Movsovitz*, 367 F. Supp. 2d at 215 (D.P.R. 2005) ("Attorney's fees included on invoices gives a PACA trust beneficiary a contractual right to such an award."); *Middle Mountain Land*, 307 F.3d at 1223 ("A fair reading of the statute brings contractually due attorneys' fees and interest within the scope of the statute's protection of 'full payment owing in connection. . . .'"); *Dayoub Marketing*, 2005 WL 3006032 at *4 ("[T]he purchaser is requires to pay [interest and collection costs] when the parties' contract so provides; in such a case, the interest and collection costs become subject to the PACA trust together with the principal debt.").  *But cf. Fishgold*, 43 F. Supp. 2d at 352 ("Attorney's fees *may* be recoverable under PACA when the parties have so contracted") (emphasis added); *J.C. Produce*, 70 F. Supp. 2d at 1123 ("attorneys' fees also *may be considered* 'sums owing in connection with' a sale . . .") (emphasis added).

Defendants also argue that this litigation was unnecessary or should have been resolved at an earlier stage, and that therefore Plaintiff's fee application is unreasonable and should be rejected.  This is far from clear given that Defendants did not pay for their tomatoes until Plaintiff retained counsel and initiated litigation.  Nor is there any point at which Plaintiff's choice to continue litigating became clearly unreasonable.  Plaintiff is still owed—and is thus

---

[1] The award of attorney's fees is subject, of course, to a limiting rule of reason. *See generally In re Cont'l Vending Mach. Corp.*, 543 F.2d 986, 994 (2d Cir. 1976) ("a rule of reason must be observed" in the determination of attorney's fees to be awarded pursuant to a contract between creditor and debtor.); *In re Glazier Grp., Inc.*, 10-CV-16099 (ALG), 2013 WL 1856305 (Bankr. S.D.N.Y. May 2, 2013).

pursuing—interest and fees.[2]  Defendants cite no authority establishing that there was some moment when Plaintiffs could and should have stopped litigation, and this Court declines to invent one.  In framing PACA's unusually protective trust provisions in broad terms, Congress aimed to ensure the smooth operation of produce markets and the prompt payment of sums owed.  If courts began to set new and uncertain limits on trust-protected contractual rights to attorney's fees under PACA, it would impede PACA's deterrent effect on behavior that leads to litigation in the first place and frustrate Congress's purpose.

In light of Plaintiff's counsel's skill, experience, and reputation in this specialized area of law, his requested rate is reasonable.  *Blum*, 465 U.S. at 895-96.  Calculating according to the lodestar method, the Court finds 11.75 hours of time reasonably expended on the case at a fee of $450 per hour and 1.25 hours of time reasonably expended at a fee of $85 per hour plus $423.50 in costs for a total attorney's fee award of $5,817.25.

### C. Interest on the Principal

Under PACA, the award of reasonable prejudgment interest is in the discretion of the Court.  *See J.C. Produce, Inc.*, 70 F. Supp. 2d at 1123 ("Courts generally have held that an award of prejudgment interest on PACA trust amounts is appropriate with or without a contract."); *Morris Okun, Inc.*, 814 F. Supp. at 351 ("[T]here is no [fees and interest] contractual provision in the [ ] contract, and the award of prejudgment interest and attorney's fees is therefore within the discretion of the Court."); *Rodgers*, 332 U.S. at 373 ("For in the absence of an unequivocal prohibition of interest. . . this Court has fashioned rules which granted or denied interest on particular statutory obligations by an appraisal of the congressional purpose in imposing them

---

[2] The amount billed after payment of the principal appears to exceed the amount of interest sought.  But the underlying amount sought is not an upper limit on an attorney's fee award.  *See Koam Produce, Inc. v. DiMare Homestead, Inc.*, 329 F.3d 123 (2d Cir. 2003).

and in the light of general principles deemed relevant by the Court."). Contrary to Defendants' assertions, interest was not waived by Plaintiff's counsel's offhand remark during a hearing or his private offer to drop a claim for interest during settlement negotiations. Both representations appear to have been contingent on Defendants' agreement to pay fees without further litigation. Here, Congress's intent to ensure prompt payment and protect sellers of produce weighs in favor of awarding the full $1,441.49 in interest.

## II. Conclusion

For the foregoing reasons, judgment is entered against Defendants jointly and severally in the amount of $7,258.74.

SO ORDERED.

Dated: June 26, 2014
New York, New York

_____
J. PAUL OETKEN
United States District Judge